**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

_____X
In re:                                                         :
                                                                      :
Susan Kochman and                                  :        Chapter 7
Gregory Kochman,                                     :        Case No. 11-50111
                                                                      :
        Debtors.                                   :
_____X

Appearances:

Timothy Miltenberger, Esq.                                :    For the Ch. 7 Trustee
Coan, Lewendon, Gulliver & Miltenberger, LLC :
495 Orange Street                                              :
New Haven, CT                                                  :

David S. Torrey, Esq.                                         :    For the Debtors
Medina, Torrey, Mamo & Camacho, P.C.        :
524 Winchester Road                                        :
Norfolk, CT                                                        :

Bankruptcy Judge Alan H. W. Shiff:

**MEMORANDUM AND ORDER ON
OBJECTION TO EXEMPTION**

The chapter 7 trustee objects to a homestead exemption the debtors have claimed in property owned by their limited liability company, Kochman Holdings Group, LLC. For the reasons that follow, the trustee's objection is sustained.

**Background**[1]

The debtors are joint owners of Kochman Holdings Group, LLC ("LLC"), a single asset real estate holding company established in 2000 to hold title to 9 Railroad Street in West Cornwall, Connecticut (hereafter, "Property"). A two-story building is located on

---

[1] At the October 25, 2011 hearing on the Trustee's Objection, the parties stipulated to the relevant facts and, upon consent, admitted into evidence several documents. In addition, Mrs. Kochman gave credible testamentary evidence at the hearing. The court relies on the stipulations, exhibits, and testimony in this "Background" section.

the Property.  The debtors conduct their respective businesses on the first floor and use a portion of the second floor as their residence.  The remainder of the second floor is utilized by them for personal and business purposes.  There is no evidence in the record regarding the percentage of floor space on the second floor that is used by the debtors as their residence.

On January 25, 2011, the debtors filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code.  On the cover sheet of their petition, they stated that their street address was that of the Property.  On "Schedule B – Personal Property" at No. 13, "Stock and interests in incorporated and unincorporated businesses", the debtors disclosed, *inter alia*: their joint ownership in the LLC which is a "Single Asset Real Estate Holding Company *Being used as Debtor's [sic] Primary Residence*" and valued at $200,000.  (Doc. #. 15 at 3)(emphasis added).  On "Schedule C – Property Claimed As Exempt", the debtors designated 11 U. S. C § 522(b)(3) as the statute under which they would claim exemptions; § 522(b)(3) permits them to elect exemptions under state law.  They then listed the LLC on Schedule C under the column entitled "Description of Property" and again noted that it was "Being used as Debtor's [*sic*] Primary Residence".  (*Id.* at 6.).  Under the column requiring a debtor to "Specify Law Providing Each Exemption", the debtors designated "Conn. Gen. Stat. § 52-362(t)", Connecticut's homestead exemption.  (*Id.*)  Under the column relating to the "Value of Claimed Exemption", the debtors stated "$88,306.79".  (*Id.*)  Under the column relating to the "Current Value of the Property without Deducting Exemption", they stated $"200,000.00".  (*Id.*)  It is undisputed that there is an outstanding mortgage of $111,693.21 on the Property (s*ee id.* at 8 ("Schedule D – Creditors Holding Secured Claims"), which cannot be the subject of an exemption, *see* Conn. Gen. Stat. § 52-362(t).  Accordingly, the debtors have claimed as a homestead exemption 100% of the value of the Property less the mortgage.

On March 30, 2011, the trustee objected to the debtors' claimed homestead exemption.  As the objecting party, the trustee has the burden of proving that the homestead exemption is not properly claimed.  See Fed. R. Bankr. P. 4003(c).

**Discussion**

In Connecticut, "any *natural person* shall be" entitled to exempt, *inter alia*, "(t)[t]he homestead of the exemptioner to the value of seventy-five thousand dollars . . . provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it . . . ." Conn. Gen. Stat. § 52-352b(t) (2009) (emphasis added). A "homestead" is defined as *"owner-occupied* real property . . . used as a primary residence." *Id.* at § 52-352a (e) (2005) (emphasis added). *See also In re Kujan*, 286 B.R. 216, 220-21 (Bankr. D. Conn. 2002).[2]

Under Connecticut law, exemptions–including the homestead exemption–"afforded by General Statutes § 52-352a, apply only to 'property of any natural person'." *Shawmut Bank, N.A. v. Valley Farms, et al.*, 222 Conn. 361, 366 (1992). The *Valley Farms* court stated that "[a]lthough the term 'natural person' is not defined . . . , it clearly means a human being, *as opposed to an artificial or juristic entity.*" *Id.* (emphasis added). It further concluded that persons are "free to own their . . . assets in individual or joint ownership forms and thereby retain the statutory exemption available to natural persons." *Id.* at 367 (further citation omitted). However, where persons choose to do so through an artificial entity, "presumably [for] some legal advantage, . . . they must accept any legal disadvantage that arises from the limitation of § 52-352b to property owned by a natural person." *Id.*

As Mrs. Kochman admitted, the Property is owned by the LLC. (*See also* Trial Exhibit B (Warranty Deed dated Oct. 30, 2000, granting the Property to the LLC.) Thus,

---

[2]  [T]here are three requisites for real property to constitute an individual's statutory homestead. First, the individual must "onw[]" the subject real property within the meaning of Section 52-352a as of the relevant time. Second, the individual must "occup[y]" the subject real property within the meaning of Section 52-352a as of the relevant time. Third, the subject real property must be "used as a primary residence" within the meaning of Section 52-352a as of the relevant time.

*Kujan*, 286 B.R. at 220-21.

while there is no dispute that it is real property and that part of it is being used as the debtors' primary residence, it is conceded that the LLC, and not the debtors, is the owner of the Property.  *Cf., Valley Farms,* 222 Conn. at 367 (affirming a trial court's finding that the homestead exemption does not apply to property of partnerships).  *See also Kujan*, 286 B.R. at 220-21 (the threshold requirement to claim a homestead exemption is that "the *individual* must 'own' the subject real property within the meaning of Section 52-352a" (emphasis added)).

The debtors argue that under the "equitable doctrine" of "negative piercing of the corporate veil", they, as the owners of the LLC, should be deemed the owners of the Property.  Their trial counsel appears to argue that so long as the debtors acted in good faith when the LLC was formed, the Property should be treated as though it was owned by them for homestead exemption purposes.  In support of that theory, Mrs. Kochman testified that, in 2000, she had no understanding as to why her attorney[3] advised her to establish the LLC and then put legal title of the Property in the name of the LLC.  Instead, according to Mrs. Kochman, doing so was merely a "technical" transaction and done with no improper motive.

Although the court is persuaded that Mrs. Kochman did not understand the purpose of placing title in the LLC, it is also confident that the debtors' attorney fully understand the benefits that flow from putting title to the Property in an artificial entity, *e.g.*, keeping it beyond the reach of the debtors' creditors.  Therefore, the court is troubled by the argument, raised in the name of equity in this court of equity, that an individual can place ownership of property into an artificial entity and, therefore, out of the reach of creditors asserting a claim against that individual, but at some later time, that same individual can claim ownership in the property, albeit equitably, so as the be entitled to claim a homestead exemption in it.  Simply put, as did the *Valley Farm* court, when an individual chooses to take advantage of the benefits of an artificial entity, he or she must also bear the corresponding burdens.  Accordingly, there is no basis upon which the Property can be claimed exempt by the debtors.

---

[3]  The court notes that this was not Attorney Torrey.

The same result follows from the fact that the debtors have failed to define the percentage of the Property that might be a homestead. Rather, they claim the entire Property as exempt and make that claim notwithstanding their concession that they only use a portion of the second floor as their residence. As noted, *supra* at 2, the debtors valued the Property at $200,000, and it is encumbered with a mortgage of approximately $112,000. Thus, the net equity in the Property is approximately $88,000, the amount claimed as exempt under Conn. Gen. Stat. § 52-352b(t). However, since only an unknown portion of the second floor is used as the debtors' primary residence, and no evidence was offered as to the value of that residential portion, there is no way to calculate the amount of the exemption. In sum, even if the debtors were entitled to claim a homestead exemption, their claim for the entire $88,000 is patently objectionable.

## Conclusion

For the foregoing reasons, IT IS ORDERED that the trustee's objection is sustained.

Dated this 3rd day of November 2011 at Bridgeport, Connecticut.

By the court

Alan H. W. Shiff
United States Bankruptcy Judge